# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LEONARD DOUGLAS (#601998)**

**VERSUS**

**JASON KENT, ET AL.**

**CIVIL ACTION**

**NO. 17-166-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 2, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD DOUGLAS (#601998)

VERSUS

JASON KENT, ET AL.

CIVIL ACTION

NO. 17-166-JWD-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* R. Doc. 5. The State has filed an opposition to the petitioner's application, and the petitioner has filed a reply. *See* R. Docs. 13 and 15. There is no need for oral argument or for an evidentiary hearing.

On or about May 5, 2017, the *pro se* petitioner, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2012 criminal conviction and 2013 sentence, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of simple rape. The petitioner attacks his conviction on the grounds of a violation of his 14th amendment rights to a fair and impartial trial, ineffective assistance of counsel, imposition of an excessive sentence in violation of the 8th amendment, and a *Brady* violation.

**Procedural History**

On August 17, 2012, the petitioner was found guilty of one count of simple rape. The petitioner was sentenced, on June 17, 2013, to 25 years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence on each count. The petitioner thereafter filed an appeal, and his conviction and sentence were affirmed. *See State v. Douglas,* 14-0019 (La. App. 1 Cir. 7/9/14), *writ denied* 14-1358 (La. 2/13/15).

On or about February 12, 2016, the petitioner filed a counseled application for post-conviction relief ("PCR"), and thereafter filed a *pro se* PCR on February 18, 2016. While his application was pending before the trial court, the petitioner filed the instant petition herein on or about May 5, 2017. On May 25, 2017, the trial court denied the petitioner's PCR application. The petitioner's subsequent writs seeking review of the trial court's denial of his PCR application were denied on November 16, 2017 and February 11, 2019, respectively. *See State v. Douglas*, 17-1039 (La. App. 1 Cir. 11/16/17), *writ denied* 17-2068 (La. 2/11/19).

## Applicable Law and Analysis

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270 (1971). Additionally, under 28 U.S.C. § 2254(b)(1) the district court is precluded from granting habeas relief on an unexhausted claim.

In light of the above procedural history, the instant petition was unexhausted at the time it was filed. The petitioner presented his claims regarding judicial bias, ineffective assistance of counsel, and excessive sentence in his application for post-conviction relief.[1] Prior to the trial court denying his application, and prior to seeking review of the trial court's denial of his PCR application in the appellate courts, the petitioner filed the instant petition. Additionally, the petitioner has not presented his claim regarding a *Brady* violation to the state courts at any level. Because all the petitioner's claims had not been exhausted in the state courts prior to presenting them to this Court, his entire petition is subject to dismissal.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the

---

[1] The plaintiff asserted that his sentence was excessive on appeal; however, the First Circuit Court of Appeal determined that the plaintiff was procedurally barred having his sentencing claim reviewed on appeal.

event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 2, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**